UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NORTHERN CALIFORNIA GLAZIERS, ) No. 08-4487 SC
ARCHITECTURAL METAL AND GLASS )
WORKERS PENSION PLAN, et al. )
) ORDER GRANTING IN
    Plaintiffs, ) PART AND DENYING IN
) PART PLAINTIFFS'
  v. ) MOTION FOR DEFAULT
) <u>JUDGMENT</u>
KENNETH MICHAEL WOLTER, )
Individually and dba DESIGN TECHS )
(aka DESIGN TECH, aka DESIGN )
TECHNOLOGIES), )
)
    Defendant. )
)
)

## I. **<u>INTRODUCTION</u>**

Before the Court is the Motion for Default Judgment ("Motion") submitted by Plaintiffs Northern California Glaziers, Architectural Metal and Glass Works Pension Plan, et al., ("Plaintiffs"). Docket No. 11. Defendant Kenneth Wolter ("Wolter") was duly notified of these proceedings, but has not participated. <u>See</u> Summons Returned Executed, Docket No. 4. An Entry of Default as to Wolter has been filed. Docket No. 6. The Court previously denied Plaintiffs' Motion, after it became evident that Wolter had previously filed a petition for bankruptcy. Docket No. 15. The Court ordered Plaintiffs to

submit a brief explaining why the suit should not be dismissed, id., and the Plaintiffs have submitted a Response, Docket No. 17.

The Court concludes that the suit should not be dismissed. For the reasons stated herein, the Court GRANTS IN PART AND DENIES IN PART Plaintiffs' Motion, orders Wolter to submit to an audit by Plaintiffs' auditors, and AWARDS Plaintiffs attorneys' fees and costs in the amount of $3443.66.

## II. BACKGROUND

In 2005, Wolter entered into the Northern California Glaziers Master Agreement ("Bargaining Agreement"). Compl., Docket No. 1, ¶ 18. Plaintiffs contend that Wolter is bound by the Bargaining Agreement and ERISA requirements to make payments to Plaintiffs. Compl. ¶¶ 16-17. The amount must be determined according to the hours worked by Wolter's employees. Id. ¶ 13. In January of 2008, Northern California Glaziers, Architectural Metal and Glassworkers Health and Welfare Trust Fund merged into the District Counsel 16 Northern California Health and Welfare Trust Fund Agreement. Kaplan Decl. ¶ 4, Ex. 2 ("HWTFA").[1] Pursuant to the terms of the HWTFA (and incorporated into the Bargaining Agreement), Plaintiffs requested that this Court order Wolter to submit to an audit to determine the amount that he owes. Mot. at 2; see HWTFA art. III § D.

Plaintiffs also note that Wolter had submitted a voluntary petition for bankruptcy on August 23, 2005, but claim that his

---

[1] Muriel Kaplan, counsel for Plaintiffs, submitted a declaration in support of the Motion. Docket No. 12.

business continued until an unknown date, believed to be in 2007. Compl. ¶ 18; see In re: Ken Wolter, No. 05-44731 (Bankr. N.D. Cal.).[2] Wolter was discharged from bankruptcy on February 9, 2009. Order Discharging Debtor, Bankr. Docket No. 65. Plaintiffs claim that they were not notified of the bankruptcy proceedings. Resp. at 3.

III. **LEGAL STANDARD**

Pursuant to 11 U.S.C. § 1328, a debtor who completes payments under a Chapter 13 plan is generally entitled to a discharge of "all debts provided for by the plan or disallowed under section 502 of [the bankruptcy code]." **"However, a claim cannot be considered to have been provided for by the plan if a creditor does not receive proper notice of the proceedings."** In re Hairopoulos, 118 F.3d 1240, 1244 (8th Cir. 1997).

After entry of default, the Court may enter a default judgment. Fed. R. Civ. P. 55(b)(2). Its decision whether to do so, while "discretionary," Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980), is guided by several factors. First, the Court must "assess the adequacy of the service of process on the party against whom default is requested." Bd. of Trs. of the N. Cal. Sheet Metal Workers v. Peters, No. C-00-0395, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001). If the Court determines that service was sufficient, it may consider the following factors, if present, in its decision on the merits of a

---

[2] Items from the bankruptcy docket in In re Wolter will be cited as Bankr. Docket No. XX.

3

motion for default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977). Therefore, for the purposes of this Motion, the Court accepts as true the facts as alleged in the Complaint.

**IV. DISCUSSION**

**A. Whether Dismissal Is Appropriate**

Plaintiffs provide two reasons why the Court should not dismiss this suit as foreclosed by Wolter's bankruptcy proceedings. First, Plaintiffs state that because they are only seeking to recover for the periods between August 24, 2005 (the date after Wolter filed for bankruptcy) and the end of his business, they are only attempting to collect on debts incurred post-petition. Resp. at 2; Compl. ¶ 18. Plaintiffs do not clearly allege when Wolter incurred this obligation. It appears that he signed the Bargaining Agreement on January 13, 2005, and again on August 25, 2005. See Kaplan Decl. ¶ 3, Ex. 1 ("Master Agreement"). Plaintiffs do not explain the second signature, why Wolter would reaffirm this obligation two days after filing for

4

bankruptcy, or what result this may have on his pre-petition obligations. The Court notes that to the extent Wolter's obligations were incurred prior to the bankruptcy petition, it should have been resolved in bankruptcy, regardless of when payment became due. See In re: Stewart Foods, Inc., 64 F.3d 141, 146 (4th Cir. 1995).

The Court need not resolve the question of when Wolter incurred his obligations under the Bargaining Agreement, because the Court agrees with Plaintiffs' second argument against dismissal. Plaintiffs claim that they were never notified of the bankruptcy proceedings, and that the bankruptcy therefore did not "provide for" their claims. Resp. at 3. "[A] claim cannot be considered to have been provided for by the plan if a creditor does not receive proper notice of the proceedings." Ellett v. Stanislaus, 506 F.3d 774, 777 (9th Cir. 2007) (quoting Hairopoulos, 118 F.3d at 1244). Moreover, the "burden of establishing that a creditor has received appropriate notice rests with the debtor." Hairopoulos, 118 F.3d at 1244. The Certificate of Service for the Plan does not suggest that any of the Plaintiffs in this action were notified or had an opportunity to submit a claim against Wolter in the bankruptcy proceedings. See Bankr. Docket No. 10. Moreover, it is Wolter's burden to establish notice, and through his nonparticipation in proceedings before this Court he has failed to do so. Based on this, the Court concludes that the debts sought by the Plaintiffs have not been discharged by the bankruptcy proceeding. See Hairopoulos,

118 F.3d at 1246.[3]

## B. Default Judgment

Plaintiffs properly served Wolter with the Complaint and Summons in this action on October 2, 2008. See Proof of Service of Summons, Docket No. 4. The proof of service indicates that the documents were delivered to Wolter's home address and were accepted by a competent individual over the age of 18 who was informed of the general nature of the papers. Id. This service complies with Federal Rule of Civil Procedure 4(e)(2)(B).

Accepting the allegations in the Complaint as true, as it must, the Court finds that the Eitel factors favor default judgment. The Plaintiffs' substantive claim appears solid on the merits, and is plead sufficiently in the Complaint. Section 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA") gives the participants and beneficiaries of an ERISA-governed pension plan a cause of action in federal court where an employer violates the terms of the plan. See 29 U.S.C. § 1132(a)(1)(B), (a)(3). Plaintiffs have further shown that, by failing to make timely contributions, Wolter has violated the terms of the Bargaining Agreement. Mot. at 2. It is unlikely that there can be a dispute over any of the factual issues that cannot be resolved by reference to Wolter's own records, which Plaintiffs now seek access to. The amount of money at issue will be based upon these records.

---

[3] Plaintiffs did not argue that the suit should not be dismissed on the basis of any ERISA or other statutory duty owed to the Plaintiffs.

Defendant's default cannot be said to be the result of excusable neglect. As previously noted, Wolter was properly served. Prior to the suit's initiation, Plaintiffs sent multiple letters to Wolter regarding the payments. See Kaplan Decl. ¶ 8, Ex. E. While it is preferable to decide cases on the merits whenever possible, this preference is not dispositive. Where a party fails to defend against a complaint, as Wolter has failed to do here, Rule 55 authorizes the Court to enter default judgment. Kloepping v. Fireman's Fund, No. C 94-2684, 1996 U.S. Dist. LEXIS 1786, at *10 (N.D. Cal. Feb. 14, 1996).

**C.    Remedy**

Plaintiffs request that the Court order Wolter to submit to an audit by their auditor. Plaintiffs have demonstrated that they are contractually entitled to such an audit. See HWTFA art. III § D. Under 29 U.S.C. § 1132(g)(2)(E), this Court is authorized to award whatever equitable relief it deems appropriate. The Court GRANTS Plaintiffs' request for injunctive relief.

Because Plaintiffs cannot now identify the amount of unpaid contributions, the Court concludes that Plaintiffs' request for default judgement as to unpaid contributions, interest, and liquidated damages to be premature. Plaintiffs' request for default judgment as to damages is DENIED WITHOUT PREJUDICE.

Plaintiffs request attorneys fees under 29 U.S.C. § 1132(g)(2)(D), which states that upon a judgment in favor of a plan in a suit such as this, the court shall award the plan reasonable attorneys' fees and costs. Mot. at 4. Plaintiffs have submitted a description of their fees and costs totaling $3443.66.

7

Kaplan Decl. ¶¶ 11-12. As Plaintiffs have successfully established that they are entitled to an injunction at this time, the Court finds this request to be proper and the amount to be reasonable. The Court GRANTS Plaintiffs' request for fees and costs.

**V.     CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiffs default judgment as to the injunctive relief sought. The Court hereby AWARDS Plaintiffs $2935.00 in attorney's fees, and $508.66 in costs, for a total judgment of $3443.66. Plaintiffs' request for default judgment with regard to damages arising from contributions that may be determined to be owed through an upcoming audit, including liquidated damages and interest, is DENIED WITHOUT PREJUDICE. Plaintiffs may move for default judgment with regard to any later-discovered unpaid contributions after the audit has taken place.

Plaintiffs must serve Wolter with this order in a manner sufficient to ensure notice before attempting to conduct an audit under the injunction. Wolter shall promptly submit to an audit of its records for the period August 24, 2005 through the last day of his business operations, by scheduling within twenty (20) days of the date that he is served with this Order, an appointment with Plaintiffs' auditor, in accordance with the auditors' availability; and by providing the necessary documents and

allowing the auditor access to them on or before the scheduled audit date.

This Default Judgment in no way affects or limits Plaintiffs' right to audit Wolter's records, as allowed by the Bargaining Agreement, or to pursue any available remedies for past or future delinquencies not addressed herein.

IT IS SO ORDERED.

May 26, 2009

_____
UNITED STATES DISTRICT JUDGE

9