UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NORTHERN CALIFORNIA GLAZIERS, ) No. 08-4487 SC
ARCHITECTURAL METAL AND GLASS )
WORKERS PENSION PLAN, et al. )
                                          ) ORDER AUTHORIZING
       Plaintiffs, ) WRIT OF EXECUTION AND
                                          ) REQUESTING
  v. ) INFORMATION RE:
                                          ) REQUEST THAT
KENNETH MICHAEL WOLTER, ) DEFENDANT BE HELD IN
Individually and dba DESIGN TECHS ) <u>CONTEMPT</u>
(aka DESIGN TECH, aka DESIGN )
TECHNOLOGIES), )
                                          )
      Defendant. )
_____ )

     On July 2, 2009, Plaintiffs in the above-captioned action filed a Declaration of Michele R. Stafford Regarding Defendant's Failure to Comply with Court Order; Request that Defendant Be Held in Contempt.[1] Docket No. 20. The declaration establishes that Defendant in the above-captioned action has been served with a copy of this Court's Default Judgment against him, issued on May 26, 2009. Docket No. 18 ("Order"); <u>see</u> <u>also</u> Stafford Decl. ¶ 4. The Order required Defendant to pay Plaintiffs' attorney fees, totaling $3443.66, and further required Defendant to promptly submit to an audit of his business's records, "by scheduling within twenty (20) days of the date that he is served with this Order, an appointment with Plaintiffs' auditor." Order at 8-9. The Declaration asserts that Defendant has not complied with any

---

[1] Michele R. Stafford is counsel for Plaintiffs. Stafford Decl. ¶ 2.

aspect of the Order.  See Stafford Decl. ¶¶ 5-6, Ex. B.

Plaintiffs request that the Court issue a Writ of Execution as to the amount owed by Defendant for attorney fees ($3443.66). Stafford Decl. ¶ 7, Ex. C.  The Court hereby GRANTS Plaintiffs' request for a Writ of Execution.

Plaintiffs also request that the Court "hold Defendant in contempt and take immediate action to compel Defendant to comply with its Order."  Stafford Decl. ¶ 6.  To do so, the Court must determine the "character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction."  General Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1380 (9th Cir. 1986) (quoting United States v. United Mine Workers, 330 U.S. 258, 304 (1947)).  To this end, the Court requests that Plaintiffs submit a recommended sanction that they believe to be sufficient to induce Defendant's cooperation with the terms of the Court's Order.  Plaintiffs should specify the scope of potential liability that Defendant faces, or the likely magnitude of debt that Plaintiffs reasonably expect the audits to uncover.  This estimate should be substantiated, for example, by documentation of the amounts paid by Defendant to Plaintiffs before he ceased payment.  This filing must be submitted no later than 12:00 p.m., Friday, July 17, 2009.

IT IS SO ORDERED.

July 9, 2009

_____
UNITED STATES DISTRICT JUDGE

2