UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION PLAN, et al.<br><br>Plaintiffs,<br><br>v.<br><br>KENNETH MICHAEL WOLTER, Individually and dba DESIGN TECHS (aka DESIGN TECH, aka DESIGN TECHNOLOGIES),<br><br>Defendant. | No. 08-4487 SC<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN <u>CONTEMPT</u> |

On July 2, 2009, Plaintiffs in the above-captioned action filed a Declaration of Michele R. Stafford Regarding Defendant's Failure to Comply with Court Order; Request that Defendant Be Held in Contempt.[1]  Docket No. 20.  The declaration establishes that the defendant in the above-captioned action, Kenneth Michael Wolter ("Wolter"), has been served with a copy of this Court's Default Judgment against him, issued on May 26, 2009.  Docket No. 18 ("Order"); <u>see</u> <u>also</u> Stafford Decl. ¶ 4.  The Order required Defendant to pay Plaintiffs' attorney fees, totaling $3443.66, and further required Defendant to promptly submit to an audit of his business's records, "by scheduling within twenty (20) days of the

---

[1] Michele R. Stafford is counsel for Plaintiffs.  Stafford Decl. ¶ 2.

date that he is served with this Order, an appointment with Plaintiffs' auditor." Order at 8-9. The Declaration asserts that Defendant has not complied with any aspect of the Order. See Stafford Decl. ¶¶ 5-6, Ex. B. Under these circumstances, an order to show cause why Wolter should not be held in contempt of the Court's Order is proper.

Wolter is hereby ordered to show cause why an order of civil contempt should not be issued against him. Wolter must show cause in writing no later than 3:00 p.m., Monday, August 10, 2009. In addition, Wolter must personally appear for a Show-Cause Hearing, scheduled for <u>Friday, August 14, 2009</u>, at <u>10:00 a.m.</u> in Courtroom 1, on the 17th floor, U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102. Title 18 U.S.C. § 401 states, "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority . . . as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401. Failure to appear, or a failure to show cause, will result in a daily fine of $250.00 imposed against Wolter for every day after the hearing that he does not comply with the Court's Order. If Wolter has not complied with the Order by August 21, 2009, this Court will impose upon Wolter an appropriate term of imprisonment. If Wolter chooses to comply with the Order before the date of the hearing, Plaintiffs may request that the Court vacate the hearing date and discharge this Order to Show Cause.

Plaintiffs have submitted evidence that they have incurred additional attorneys' fees to secure and enforce the default

judgment against Wolter.  Docket No. 24.  However, Plaintiff is seeking portions of these fees in connection with the instant request that Wolter be held in contempt.  Id. at 5.  As such, this request is premature.  Plaintiffs' request for additional fees is DENIED without prejudice, and may be renewed pending the outcome of the Show-Cause Hearing.

Plaintiffs will personally serve Wolter with a copy of this Order to Show Cause, together with a copy of the Court's Default Judgment Order dated May 26, 2009, in a manner sufficient to constitute personal service under Rule 4(e) of the Federal Rules of Civil Procedure.  Personal service must take place no later than Wednesday, August 5, 2009.  Plaintiff will supply the Court with proof of service.

IT IS SO ORDERED.

July 28, 2009

UNITED STATES DISTRICT JUDGE

3